IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

SILVANO WUESCHNER,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.

and

ERIC SULLIVAN,

        Defendants.

Civil Action No.

2:08-CV-734

DEMAND FOR
JURY TRIAL

## COMPLAINT

This is a civil action arising out of the actions of the defendants, who are in the business of collecting unpaid debts, in seeking to collect an amount of money alleged to be owed by the plaintiff on a credit card account to Bank of America. Over a period of a few days at the end of February, 2008, the defendants communicated about this debt with the plaintiff, the plaintiff's wife, and one of the plaintiff's co-workers. They also left recorded messages at the plaintiff's place of employment. The communication with the plaintiff's wife was rude and harassing and all the communications included information which was false. By engaging in these and other actions, the defendants violated numerous provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

The plaintiff seeks to recover his actual damages, statutory damages of $1,000 from each of the defendants, and his costs and attorney's fees.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(d), and under 28 U.S.C. §1331.

2. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b).

## Parties

3. The plaintiff, Silvano Wueschner, is an adult resident of Pikesville, which is located in Autauga County, Alabama.

4. Defendant NCO Financial Systems, Inc. (hereafter "NCO") is a Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania. Among other things, NCO is engaged in the business of buying, selling and collecting unpaid debts.

5. Defendant Eric Sullivan was, at all times relevant to this action, an employee of NCO. All of Mr. Sullivan's actions described in this Complaint were actions taken in the course of and within the scope of his employment with NCO and were actions taken as NCO's agent.

## Statement of Facts

6. On or about February 21, 2008, defendant Eric Sullivan placed a telephone call to Mr. Wueschner's home in Autauga County, Alabama.

7. At the time of the call referred to above, Mr. Wueschner was at work.

8. When the call referred to above came in, the telephone was answered by Mr. Wueschner's wife.

9. When Mr. Wueschner's wife answered the telephone, Mr. Sullivan advised her, in a loud and angry voice, that Mr. Wueschner owed $30,000 and that he was going to "get" Mr. Wueschner.

10. This call was very upsetting to Mr. Wueschner's wife, who is from another country and who is not familiar with the American legal system or the practices of American debt collectors.

11. On the same day, February 21, 2008, a short time after the telephone call referred to above, defendant Eric Sullivan placed a telephone call to Mr. Wueschner's place of employment.

12. Mr. Wueschner's place of employment is located in the City of Montgomery, Alabama.

13. During this second telephone call, Mr. Sullivan spoke with one of Mr. Wueschner's co-workers about a debt claimed to be owed to Bank of America on a credit card account.

14. During this second telephone call, Mr. Sullivan asked Mr. Wueschner's co-worker to have Mr. Wueschner call him (Mr. Sullivan) right away and said that it was regarding "a civil judgment."

15. In fact, neither NCO nor any other entity has filed suit against Mr. Wueschner for the purpose of collecting the money claimed to be owed to the Bank of America based on this credit card account, and no civil judgment has been entered against him based on this account.

16. On or about Saturday, February 23, 2008, an NCO employee placed another telephone call to Mr. Wueschner's place of employment about the debt claimed to be due. No one answered the telephone, and this person left a voice mail message. The person did not identify himself. He said that he needed a statement from Mr. Wueschner or from his legal representative.

17. The message left for Mr. Wueschner on February 23, 2008 was delivered to him on Monday, February 25, 2008 by the same co-worker who had received the earlier telephone call from Mr. Sullivan.

18. On February 25, 2008, the undersigned counsel placed a telephone call to Mr. Sullivan at NCO during which he asked Mr. Sullivan, among other things, not to contact Mr. Wueschner again and to send all future communications regarding this matter to the undersigned counsel.

19. After February 25, 2008, Mr. Wueschner received no further communications from NCO about this matter.

20. The telephone calls referred to above were the only communications Mr. Wueschner received from NCO regarding this matter.

21. The actions of NCO and its agents, as described in this Complaint, caused Mr. Wueschner to suffer significant emotional distress, anger, humiliation, shame, and frustration.

### Statement of Claim

22. With regard to the collection of the Bank of America credit card debt, as described in this Complaint, plaintiff Silvano Wueschner was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

23. In its actions to collect this debt from Mr. Wueschner, as described above, defendant NCO was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

24. In his actions to collect this debt from Mr. Wueschner, as described above, defendant Eric Sullivan was a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

25. In their efforts to collect the Bank of America credit card debt from Mr. Wueschner,

as described in this Complaint, defendants NCO and Eric Sullivan violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) failure to provide the information required by §1692g(a) within 5 days of the initial communication, in violation of that section;

(b) communicating in connection with the collection of a debt with a person other than the consumer, in violation of §1692c(b);

(c) placing telephone calls the natural consequence of which is to harass, oppress or abuse any person, in violation of §1692d;

(d) placing telephone calls without providing a meaningful disclosure of the caller's identity, in violation of §1692d(6);

(e) placing telephone calls without identifying oneself as a debt collector, in violation of §1692e(11);

(f) misrepresenting the amount owed, in violation of §§1692e(2)(a), 1692e(10) and 1692f;

(g) misrepresenting the legal status of a debt, in violation of §1692e(2)(a) and §1692e(10); and

(h) making false, deceptive or misleading representations in connection with the collection of a debt. §1692e.

It is possible that these defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

26. Because of their actions in violation of the FDCPA, as described above, defendants NCO and Eric Sullivan are liable to the plaintiff, Silvano Wueschner, for his actual damages, for

statutory damages of $1,000 each, and for his costs and attorney's fees in this action.

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

### Prayer for Relief

WHEREFORE, the plaintiff, Silvano Wueschner, by counsel, hereby asks this Court to grant him the following relief:

(a) judgment against each of the defendants for his actual damages suffered as a result of their actions, 15 U.S.C. §1692k(a)(1);

(b) judgment against each of the defendants in the amount of $1,000 in statutory damages, 15 U.S.C. §1692k(a)(2)(A);

(c) his costs and attorney's fees in this action, 15 U.S.C. §1692k(a)(3); and.

(d) such other and further relief as to this Court shall seem just and proper.

Respectfully submitted,

SILVANO WUESCHNER
Plaintiff
By Counsel

_/s/ Edward M. Wayland_
Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 42559
Atlanta, GA 30311
(334) 201-3345
(334) 460-8760 (fax)
e-mail: edwayland@yahoo.com

Counsel for Plaintiff